NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 28 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAO YUN YAN, | No. 13-72935 |
| Petitioner, | Agency No. A075-748-451 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 14, 2016
San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

Xiao Yun Yan, a native and citizen of the People's Republic of China, petitions

this court for review of the Board of Immigration Appeals's (BIA) order affirming the

Immigration Judge's (IJ) decision finding Yan removable for entering the United

States through marriage fraud.   We grant the petition and remand for further

proceedings.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Yan entered the United States in August of 2001 on a K-1 Visa, as the fiancée of Tich Cuong Van, a United States citizen. The two married that September. Nearly four years later, a United States Citizenship and Immigration Services (CIS) officer interviewed Van to discuss Yan's adjustment of status application. Van withdrew his affidavit supporting Yan's application and claimed that his marriage with Yan was a sham. Van claimed that Yan's sister had paid him $27,000 to marry Yan and help her attain United States citizenship. The Department of Homeland Security charged Yan with removability under 8 U.S.C. § 1227(a)(1)(A), alleging that Yan was inadmissible at the time she entered the United States because she had gained admission through fraud.

Van, Yan, Yan's sister, and the CIS officer all testified at a hearing before an IJ. Van testified that he had married Yan for money, claiming that they neither lived together nor consummated their marriage. Van also presented an unauthenticated document—with no names or dates—that he claimed was an agreement between himself and Yan's sister stating that she would pay him certain sums at certain times to marry Yan. Yan's sister denied ever entering into a financial arrangement with Van, ever paying Van, or ever seeing the purported written agreement. The CIS officer testified that Van had voluntarily admitted that he married Yan for money and that Yan, when given the opportunity to respond, remained silent. The CIS officer also admitted, however, that she did not do any further investigation into whether Van's story was true.

Yan, for her part, testified that her sister had introduced her to Van, who proposed during a visit to China. Yan also testified that they had consummated their relationship and that they lived together. Their relationship began to break down after she discovered that he was having an affair, at which point he would spend nights out and she would stay with friends. According to Yan, Van would also demand money from her, which he used to gamble. Yan suggested in her testimony that Van was motivated to lie because "[h]e doesn't like me because he has a girlfriend." Yan said that she did not know of any financial arrangement between Van and her sister, and, in an affidavit, stated that she was "shocked" by Van's statements to the CIS officer. Further, Yan submitted voluminous documentary evidence purporting to show the bona fides of her and Van's relationship, including photos of them together,[1] phone bills evidencing their communications, letters they exchanged, bank statements evidencing a joint account and a shared address, Van's 401(k) statement naming Yan as his beneficiary and providing the same shared address, Yan's insurance forms naming Van as a beneficiary and also evidencing the same shared address, and joint tax returns and other tax forms again showing the same address.

---

[1] Van testified that the photos taken in China were staged. He did not comment on the other documentary evidence.

3

Without making any express credibility determinations, the IJ held that the marriage was not bona fide and ordered Yan removed. On appeal, the BIA remanded for further proceedings, ordering the IJ to make "express credibility findings," to "meaningfully address . . . testimony that [Yan] entered into her marriage in good faith and that her husband was motivated to lie," and to "find facts sufficient to resolve the apparent conflicts between the testimony of the witnesses."

On remand, a different IJ again ordered Yan removed. The IJ did not hear any additional testimony, instead stating in his oral decision that he had "reviewed the transcript [of the earlier hearing] . . . and the testimonies as summarized by [the previous IJ]." The IJ held that the CIS officer and Van were "clearly . . . more credible," that he would "accord full weight to that testimony," and that, therefore, Yan had engaged in marriage fraud. The BIA affirmed.

We remand for reconsideration because it is unclear whether the IJ reviewed the entire record before making his credibility determinations. Although the IJ did not specifically say that he had made an adverse credibility determination against Yan, "an adverse credibility finding does not require the recitation of a particular formula," *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010), as long as it is sufficiently "explicit," *id.* (quoting *Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir. 2004)). Here, in determining that the CIS officer and Van were "clearly . . . more credible" than Yan, the IJ necessarily made an adverse credibility determination

4

against Yan—crediting Van's account meant discrediting Yan's, as their stories were irreconcilable.

Although that finding was explicit, it was reached in a procedurally invalid manner. A "finder of fact shoulders the responsibility of examining *all* the evidence presented and deciding which version of events is true." *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010) (emphasis added). An IJ or the BIA thus must "consider *all the evidence presented* at the hearing before making an adverse credibility determination." *Id.* at 1058 (emphasis added); *see also Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir. 2005) (it is a "common sense . . . rule[] of general application" that "false statements and other inconsistencies must be viewed in light of all the evidence presented in the case").[2]

The IJ here appears to have not considered "all the evidence presented in the case." *Kaur*, 418 F.3d at 1066. Yan submitted voluminous documentary evidence—including photos, insurance policies, tax forms, bank statements, and other evidence of a shared residence—that directly supports her contentions that the marriage was bona fide and that contradict Van's testimony that, for example, the two

---

[2] The REAL ID Act codifies these general principles, requiring that when making credibility determinations, an IJ must consider "the totality of the circumstances," including such factors as "the consistency of [the witness's] statements with other evidence of record." 8 U.S.C. § 1229a(c)(4)(C); *see also Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010) (the IJ "cannot selectively examine evidence in determining credibility, but rather must present a reasoned analysis of the evidence as a whole").

5

never lived together. *See also Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir. 2004) ("Evidence relevant to [determining the] intent [to enter into a bona fide marriage] includes, but is not limited to, proof that [the wife] was listed on [the husband's] insurance policies . . . income tax forms or bank accounts, and testimony or other evidence regarding their courtship . . . and whether they shared a residence."). Yet the IJ specifically stated that he only considered the transcripts of the earlier hearing, the previous IJ's summaries of that testimony, and the purported agreement between Van and Yan's sister. The IJ thus failed to "consider all the evidence presented at the hearing before making an adverse credibility determination." *Kin*, 595 F.3d at 1058.

On appeal, the BIA not only erroneously brushed aside without explanation Yan's contention that the IJ failed to engage in "a meaningful review of the record," it also erred in holding that the IJ could not have committed clear error in making its credibility determination because the IJ was "presented with two permissible views of the evidence," both of which had "related coherent and facially plausible stories that [were] not contradicted by extrinsic evidence." *See Rodriguez v. Holder*, 683 F.3d 1164, 1176-77 (9th Cir. 2012). As discussed, Van's story is directly "contradicted by extrinsic evidence."

On remand, the BIA may reopen the record so that the IJ may hear additional testimony to the extent necessary to resolve any further factual inconsistencies and make credibility determinations.

**PETITION FOR REVIEW GRANTED; REMANDED.**